**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kevin CHOY, Defendant–Appellant.**

**No. 00–10339.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Filed Oct. 28, 2002.

Nina Wilder and Doron Weinberg, Weinberg & Wilder, San Francisco, CA, for the defendant-appellant.

Laurie Kloster Gray, Assistant United States Attorney, San Francisco, CA, for the plaintiff-appellee.

Before CANBY, JR., GRABER and PAEZ, Circuit Judges.

## OPINION

CANBY, Circuit Judge.

Kevin Choy was convicted by a jury of conspiracy, 18 U.S.C. § 371; bribing a public official, 18 U.S.C. §§ 201(b)(1) and 2; two counts of money laundering, 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2; smuggling, 18 U.S.C. §§ 545 and 2; and two counts of entry of adulterated food, 21 U.S.C. §§ 342(a)(1) and (3), 331(a) and 333(a)(2) and 18 U.S.C. § 2. Choy appeals his conviction on each count.

The government concedes that it failed to prove money laundering, and we accordingly reverse Choy's conviction on those two counts. We also conclude that the theory of bribery upon which Choy was convicted was legally erroneous and constituted a variance from the bribery offense alleged in the indictment; we therefore reverse Choy's bribery conviction. Because Choy's conspiracy conviction may have been based on the legally insufficient bribery conviction, we reverse the conspiracy conviction and remand for retrial. Finally, because we find beyond a reasonable doubt that the jury convicted Choy of smuggling and entry of adulterated food as either an aider and abettor or as a principal, rather than as a co-conspirator, we affirm those convictions.

## FACTS

This case arises out of an undercover operation conducted by the United States Customs Service. The Service set up Jerry Clopp, a corrupt customs broker turned confidential informant, in a customs brokerage. Choy owned Pacific Rim Seafood, which imported frozen seafood and other edibles from overseas. His only employee was his brother-in-law, Eric Sit. Choy approached Clopp through George Lai, another importer. In subsequent meetings, it was agreed that Clopp would use his contacts with a corrupt Food and Drug Administration ("FDA") official to see that Choy's imports of potentially adulterated food were admitted into this country without FDA inspection. Clopp told Choy that the arrangement might cost $2,000 to $3,000 per shipment. This figure was later adjusted to $3,500 per container, plus $500 for Clopp's services.

Clopp complained that the corrupt import process was becoming much more difficult because the government's processing of paperwork was now largely electronic. Clopp said that he did not have computers with Automatic Broker Interface ("ABI") to interface with the FDA equipment and that he lacked the money to buy such a system. Subsequently, Choy delivered two checks, one from himself and one from Lai, for $2,500 each to Clopp so that Clopp could buy an ABI computer system that would interface with the FDA system and permit the corrupt clearances. Later, Choy, Lai, and Sit met with a purported corrupt FDA official (actually an undercover agent) and agreed on the clearance plan. Subsequently, Lai imported three containers using Clopp's "arrangement"; all three containers contained adulterated foods and would not have been cleared in regular processing. The first container was delivered to Choy's warehouse; the other two containers were delivered to other warehouses.

Choy was indicted, and this prosecution ensued. The jury convicted Choy of conspiracy, bribery, and money laundering. He was also convicted of smuggling and

entry of adulterated foods on the counts involving the container that was stored in his warehouse. He now appeals his conviction on all counts.

## DISCUSSION

■ Choy was convicted of conspiring, among other things, to commit bribery and money laundering. Where substantive offenses underlying a conspiracy conviction are successfully challenged, the reason for reversal affects the viability of the conspiracy conviction. *See Griffin v. United States*, 502 U.S. 46, 59, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991). As the government recognizes, the conspiracy conviction must be overturned if the conviction on the substantive count for either bribery or money laundering was the result of "legal error."[1] *Id.* If, on the other hand, the government merely failed to introduce sufficient evidence to sustain guilt on either of those charges, then the conspiracy conviction can stand on the theory that the jury found a conspiracy to commit the other offenses for which there was sufficient evidence. *See id.* Therefore, if we determine that Choy's convictions for money laundering and bribery must be reversed, we must also decide whether there was merely a failure of proof, or whether either conviction was legally erroneous, in which case the conspiracy conviction also fails. We turn, then, to Choy's various counts of conviction.

### Money Laundering

■ The government concedes that it failed to introduce sufficient evidence that the money paid by Choy came from illegal activity. We therefore reverse Choy's convictions for money laundering. We reject, however, Choy's contention that the money laundering conviction was legally erroneous. The district court instructed the jury that, to convict of money laundering, they had to find that Choy (1) conducted or intended to conduct a financial transaction involving property that represented the proceeds of bribery; (2) knew the property represented the proceeds of bribery and that bribery was illegal; (3) acted with intent to promote smuggling; and (4) did something that was a substantial step toward committing the crime, with the jury unanimously agreeing on the step. These instructions required the jury to find conduct that properly fell within the proscription of the money laundering statute, 18 U.S.C. § 1956(a)(1)(A)(i). There accordingly was no legal error in Choy's conviction, only a failure of sufficient evidence.

### Bribery

■ Count Two of Choy's final indictment reads in relevant part, "KEVIN CHOY directly and indirectly, corruptly gave, offered, and promised a thing of value (to wit, $5,000.00), to any public official." The $5,000 refers to two checks Choy gave to Clopp, a private individual, to purchase ABI computer equipment that would facilitate clearing food shipments through customs, thereby enabling Choy and Lai to bribe the FDA official. There was no evidence anywhere in the record that either the money or the computer was given to the FDA official, or that Choy intended them to be so given.

Perhaps recognizing its inability to prove delivery of either $5,000 or the com-

---

[1] In one sense, a conviction upon insufficient evidence is "legal error," but the Supreme Court pointed out in *Griffin* that a "more natural" meaning of "legal error" is "a mistake about the law, as opposed to a mistake concerning the weight or the factual import of the evidence." *Griffin*, 502 U.S. at 59, 112 S.Ct. 466. We use "legal error" in the same way the Supreme Court did in *Griffin*.

puters to the FDA official, the government during trial urged a different theory of conviction. The government contended in the district court, as it does on this appeal, that the purchase of computers to be owned and used by Clopp indirectly conferred "value" on the FDA official because it permitted that official to engage in a bribery scheme.[2] But the FDA official himself did not use or receive either the $5,000 or the computers; the computers simply interfaced with those used by the FDA. The money and the computers stayed with Clopp. Clopp was a would— be co-conspirator to commit bribery. The payments and the computers enabled him to process shipments, but they did nothing for the FDA official. The government urges the theory that anything that Choy paid to equip Clopp necessarily conferred a benefit on the FDA official by enabling him to receive a bribe.

We conclude that this theory is far too attenuated to bring Choy's conduct within the proscription of the bribery statute.[3] There is no end to the chain of reasoning underlying the government's theory: payment of virtually any expense in preparation for offering a bribe would become a consummated crime of bribery. We cannot interpret the bribery statute so loosely.

The district court's instructions invited the jury to find bribery by Choy's purchase of the computers. The court initially instructed the jury that a guilty verdict on the bribery counts required that the government prove that Choy "gave, offered or promised something of value" to an official, without clarifying what the thing of value was. After beginning its deliberations, the jury requested clarification of the bribery charges. The trial court responded as follows: "Count Two of the Indictment charges that ... Defendant provided a thing of value directly or indirectly to a public official consisting of two checks, each in the amount of $2,500 or a total of $5,000 dealing with the purchase of the ABI [computer] system." By restating the bribery charge with a direct link between the checks and the computer system, the trial court instructed the jury using the government's flawed theory of the offense. In light of this instruction and the state of the evidence, the jury undoubtedly convicted on the theory of bribery urged by the government. Accordingly, the conduct for which Choy was convicted of bribery did not "come within the statutory definition of the crime" and his conviction constituted "legal error." *Griffin,* 502 U.S. at 59, 112 S.Ct. 466.[4]

2. The government in its closing argument to the jury stated:
   Mr. Choy and Mr. Lai going through the customs broker, Jerry Clopp, was [sic] paying money to Mr. Clopp for the purchase of the computer, and that computer could only be successful—that bribery could only be successful if the computer was in place to interface and to allow Agent Bourne to do what he had to do.

3. The bribery statute proscribes giving or offering "anything of value to any public official ... with intent—(A) to influence any official act; or (B) to influence such public official ... to commit ... or allow, any fraud." 18 U.S.C. § 201(b)(1).

4. We reject the government's argument that Choy failed to raise legal error on appeal. Choy entitled the relevant section of his brief: "THE EVIDENCE IS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT CHOY'S CONVICTION OF BRIBERY FOR PAYMENTS TO CLOPP FOR THE ABI SYSTEM." Choy makes clear, however, in subpart B of that argument that he is not contending that there was insufficient evidence that he delivered money to Clopp for an ABI system, but that delivery to Clopp did not constitute the crime of bribery because the purported FDA official did not receive the money or the computers and Choy did not intend that he receive them.

Choy's bribery conviction was also legal error, indeed constitutional error, in another respect. The theory on which he was convicted constituted a fatal variance from the offense alleged in the indictment, violating Choy's Fifth Amendment right to be charged by a grand jury. *See Stirone v. United States,* 361 U.S. 212, 217–18, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

■ The grand jury indicted Choy for giving "a thing of value (to wit, $5,000)" to a public official. The "thing of value" given to a public official is an element of the bribery charge. *See* 18 U.S.C. § 201(b). Choy was convicted, however, on the theory that giving the $5,000 to a private individual indirectly conferred value—the opportunity to receive bribes in the future—on a public official. This version of the purported bribe involves a set of facts distinctly different from that set forth in the indictment, which Choy could not have anticipated. *See United States v. Garcia-Paz,* 282 F.3d 1212, 1216–17 (9th Cir.2002) (stating that cases holding variance fatal were those where conviction was permitted on *different behavior* from that alleged in indictment), *cert. denied,* ——— U.S. ———, 123 S.Ct. 47, ——— L.Ed.2d ——— (2002); *Jeffers v. United States,* 392 F.2d 749, 751–52 (9th Cir.1968) (finding a fatal variance where the indictment charged that donations from followers of a religious group were used for non-religious purposes, but the evidence showed only that the money was used in ways contrary to the representations made when collecting it); *cf. United States v. Antonakeas,* 255 F.3d 714, 722 (9th Cir.2001) (finding that, where indictment charged the defendant with conspiracy to distribute marijuana in Hawaii, and

the prosecution failed to prove the nexus with Hawaii at trial, there was only one set of facts and, thus, no constructive amendment of the indictment). Because the indictment and the evidence presented at trial represented two distinct sets of facts, the second of which could not be anticipated by Choy, the variance amounts to an impermissible constructive amendment of the indictment. *See id.; see also United States. v. Miller,* 471 U.S. 130, 134–40, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985) (where an element of the offense is not "fully and clearly set out in the indictment," *id.* at 136, 105 S.Ct. 1811, the difference between the offense charged and the offense proved at trial is a fatal variance).

■ Because Choy did not object at trial that there was a variance or constructive amendment, we review for plain error only. *United States v. Dipentino,* 242 F.3d 1090, 1094 (9th Cir.2001). Even under plain error review, if the constructive amendment prejudiced Choy, the conviction must be reversed. *United States v. Shipsey,* 190 F.3d 1081, 1087–88 (9th Cir. 1999). Under the jury instructions and subsequent clarification, the jury could have found Choy not guilty of giving a $5,000 bribe to a public official, yet convicted him for giving $5,000 to a private individual and thereby facilitating a bribery scheme. *See Dipentino,* 242 F.3d at 1095–96. This variance was accordingly prejudicial to Choy.[5] *Id.* We conclude in our discretion that this plain error is reversible, because the evidence of bribery against Choy was not overwhelming. *Cf. Johnson v. United States,* 520 U.S. 461, 470, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

**5.** We recognize that the usual situation of fatal variance occurs when a defendant is charged with one set of facts constituting a crime but is convicted of another set of facts constituting a crime. Here, the set of facts upon which Choy was convicted cannot constitute the crime of bribery. The variance thus clearly prejudiced Choy, because he was convicted by the jury when he could not even have been indicted for the set of facts under which he was convicted.

Therefore, despite Choy's failure to object to the erroneous instruction and clarification, the variance constitutes another legal error, and a fatal one, in Choy's bribery conviction. *See Dipentino*, 242 F.3d at 1096; *see also Keating v. Hood*, 191 F.3d 1053, 1062 (9th Cir.1999). We accordingly vacate the conviction and remand for retrial, should the government so choose. *See United States v. Barona*, 56 F.3d 1087, 1098 (9th Cir.1995) (requiring retrial upon finding of fatal variance).

### Conspiracy

Striking the bribery conviction for legal error in turn requires striking the conspiracy conviction. The jury returned a general verdict of guilty on the multi-count conspiracy charge against Choy. Because one of the counts—bribery—was based on a "legally inadequate theory" and conviction on that theory constituted a fatal variance from the indictment, the conviction cannot stand. *See Griffin*, 502 U.S. at 55–56, 59, 112 S.Ct. 466. We vacate the conspiracy conviction and remand for retrial, if the government decides to pursue the matter further. *See Barona*, 56 F.3d at 1098.

### Smuggling and Entry of Adulterated Food

The jury was instructed that, if it found Choy guilty of conspiracy, it could return a guilty verdict against Choy on the other counts as a principal actor, an aider and abettor, or a co-conspirator. Our reversal of Choy's conspiracy conviction due to a legal error precludes the imposition of vicarious liability upon him for the acts of his alleged co-conspirators. *United States v. Kaiser*, 660 F.2d 724, 732 (9th Cir.1981). The jury was not asked to specify the theory under which it found liability on the additional counts.

If the convictions for smuggling and entry of adulterated food were grounded on co-conspirator liability, they would have to be overturned, because the conspiracy conviction was legally erroneous. *See Griffin*, 502 U.S. at 59, 112 S.Ct. 466; *see also United States v. Fuchs*, 218 F.3d 957, 962–63 (9th Cir.2000); *Kaiser*, 660 F.2d at 732. Where the jury has been given the choice of several theories of liability, however, and we later determine "beyond a reasonable doubt that the jury would have convicted the defendants of each substantive count either as aiders and abettors or as principals," the conviction on the substantive counts can stand. *United States v. Olano*, 62 F.3d 1180, 1199 (9th Cir.1995).

In the circumstances of this case, it is possible to determine beyond a reasonable doubt that the jury convicted Choy for smuggling and entry of adulterated food under a theory of aiding and abetting or acting as a principal. There were three containers of food brought into the country. Choy's individual actions involved only one of the containers; he allowed the first container to be stored in his warehouse. He had no actual involvement with the other two containers. The jury convicted Choy of smuggling and entry of adulterated food only with regard to the container stored at Choy's own warehouse. Had liability been grounded in the actions of his co-conspirators, rather than in his own actions, there would have been no reason to convict him only for the container he stored in his warehouse and not for the other two containers. Thus, the jury must have convicted him as an aider and abettor or a principal. His convictions for smuggling and entry of adulterated foods are, therefore, affirmed.

### CONCLUSION

The conviction for money laundering is reversed, the convictions for bribery and

conspiracy are reversed and remanded to the district court for retrial consistent with this opinion, and the convictions for smuggling and entry of adulterated food are affirmed.

AFFIRMED in part, REVERSED in part, and REMANDED.