**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Betty Lou LEWIS, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Terry Crandall MINCEY, Defendant—
Appellant.**

United States of America,
Plaintiff—Appellee,

v.

Calvin Roberts, aka Vladimir
Horovatic, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Terry Crandall Mincey, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Terry Crandall Mincey, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Betty Lou Lewis, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Calvin Roberts, also known as
Vladimir Horavatic, De-
fendant—Appellant.

Nos. 01–10270, 01–10275, 01–10276,
01–10295, 01–10296, 01–10308,
01–10328.
D.C. No. CR–97–05266–REC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided Feb. 28, 2003.

Before TROTT, RYMER and TALLMAN, Circuit Judges.

### MEMORANDUM *

Betty Lou Lewis ("Lewis"), Terry Crandall Mincey ("Mincey"), and Calvin Roberts ("Roberts") (collectively, "Appellants") appeal their jury convictions and sentences for multiple counts of conspiring to aid and abet the manufacture of a controlled substance and related offenses, in violation of 21 U.S.C. §§ 841(a)(1), (d)(2) and 846, and conspiracy to launder money, in violation of 18 U.S.C. § 1956 (" § 1956"). Lewis, Mincey, and Roberts were employees, and Mincey and Roberts were part owners, of Custom Lab Supply ("CLS"), a chemical retailer who sold chemicals that were diverted to illegal drug manufacturing. We have jurisdiction under 28 U.S.C. § 1291, and upon careful consideration of the entire record, we affirm.

## I Issues Applicable to All Appellants

### A. Entrapment–by–Estoppel

■ We review de novo the district court's refusal to instruct the jury on the defense of entrapment-by-estoppel. *United States v. Hancock*, 231 F.3d 557, 561 (9th Cir.2000). The defense of entrap-

ment-by-estoppel applies when (1) an authorized government official tells the defendant that certain conduct is legal, and (2) the defendant reasonably relies on the official's statement. *Id.* at 567–68. "It is not sufficient that the government official's comments were vague or even contradictory"; a "defendant must demonstrate affirmative misleading on the part of the government official." *Id.* at 567 (internal quotation marks and citations omitted). Appellants have not alleged, and the record does not demonstrate, that any government official made an affirmative statement or representation to anyone at CLS that their sales were legal. Thus, the district court did not err by refusing to instruct the jury on the entrapment-by-estoppel defense.

### B. Admission of Industry Witnesses' Testimony

■ We review for an abuse of discretion a district court's admission of lay opinion testimony, *United States v. Matsumaru*, 244 F.3d 1092, 1101 (9th Cir.2001), and we hold that the district court did not abuse its discretion by allowing industry witnesses to testify as to their own business conduct. Given Appellants' claim of mistake and lack of knowledge and intent, the government was correctly permitted to rebut this defense by showing that their business practices were irregular in fair comparison with others. *See United States v. Erickson*, 75 F.3d 470, 475–76 (9th Cir.1996).

### C. Admission of the Newspaper Article

We review for an abuse of discretion the district court's evidentiary rulings during trial. *United States v. Parks*, 285 F.3d 1133, 1138 (9th Cir.2002).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

### 1. Relevancy

■ The district court may exclude relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Yazzie,* 59 F.3d 807, 811 (9th Cir.1995) (internal quotation marks and citation omitted). Here, the district court did not abuse its discretion by admitting the partially redacted article because the article was highly probative of Appellants' knowledge that the chemicals they sold were being diverted to illegal drug manufacturing. Appellants are carelessly mistaken when they argue that the article bears a 1997 publication date. Also, the article was not unfairly prejudicial, and therefore did not adversely affect the jury's attitude toward Appellants apart from their judgment of guilt as to the crimes charged.

### 2. Hearsay

■ Hearsay evidence is generally not admissible. Fed.R.Evid. 802. A statement is only hearsay, however, if it is offered "to prove the truth of the matter asserted." Fed.R.Evid. 801. Here, the district court did not abuse its discretion because the government introduced the partially redacted article to show Appellants' knowledge and not for the truth of the allegations in the article.

### D. Venue for the Money Laundering Conspiracy Charge

■ Venue is a question of law we review de novo. *United States v. Williams,* 291 F.3d 1180, 1188 (9th Cir.2002). The government bears the burden of proving venue by a preponderance of the evidence. *United States v. Jones,* 231 F.3d 508, 516 (9th Cir.2000). Venue for conspiracy to launder money is proper in any district where an overt act in furtherance of the conspiracy takes place, even if the act is taken by a co-conspirator and the defendant did not enter or commit acts within the district. 18 U.S.C. § 1956(i)(2); *see also United States v. Cabrales,* 524 U.S. 1, 8–9, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998).

The government carried its burden to prove proper venue by a preponderance because the government presented evidence that, as part of the conspiracy, CLS's customers exchanged money from drug sales in the Eastern District of California, which they used to purchase chemicals at CLS in the Northern District of California, and then the purchasers brought the chemicals to the Eastern District to manufacture more drugs. Thus, the acts in the Eastern District were in furtherance of the money laundering conspiracy.

### E. Forfeiture

In imposing judgment on a person convicted of § 1956, 18 U.S.C. § 982(a)(1) authorizes the district court to order that person to forfeit to the United States any property involved in the offense. Pursuant to § 982(a), the district court entered a judgment of forfeiture for $20,435,850 against each Appellant jointly and severally.

### 1. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)

■ In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to

a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). Here, the district court's forfeiture judgment did not violate *Apprendi.* The district court's determination of the amount laundered had an impact on the forfeiture judgment and on calculation of Appellants' sentences under the Sentencing Guidelines. The amount, however, did not change the maximum penalty prescribed by § 1956(a)(1). *Apprendi* simply does not apply to guideline calculations that increase a sentence if it is not increased beyond the statutorily authorized maximum. *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir.2000).

### 2. Constitutionally Excessive Fine

■ We review de novo whether a fine is constitutionally excessive and therefore violates the Eighth Amendment's Excessive Fines Clause. *United States v. Bajakajian,* 524 U.S. 321, 336–37, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). In *Bajakajian,* the Supreme Court held that a fine violates the Excessive Fines Clause if it is "grossly disproportional to the gravity of the defendant's offense." *Id.* at 334, 118 S.Ct. 2028. We conclude that the forfeiture amount was not grossly disproportionate to the gravity of the offenses of which Appellants were convicted.

### F. Sufficiency of the Evidence

We review sufficiency of the evidence claims de novo. *United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002). There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On these facts, we find that there was sufficient evidence to convict Lewis, Mincey, and Roberts.

## II  Issues Raised by Mincey Only

### A. Constructive Amendment/Variance

■ Because Mincey did not object at trial that there was a variance or constructive amendment of the indictment, we only review for plain error. *United States v. Choy,* 309 F.3d 602, 607 (9th Cir.2002). A constructive amendment occurs if there is a change in the terms of the indictment, whether literal or in effect. *United States v. Dipentino,* 242 F.3d 1090, 1094 (9th Cir.2001). A variance occurs when the proof introduced at trial differs materially from the facts alleged in the indictment. *Jones v. Smith,* 231 F.3d 1227, 1232 (9th Cir.2000).

■ Mincey alleges a variance because he argues the evidence at trial demonstrated an offense different from that charged, and does not point to any facts showing the terms of the indictment were altered. There was no plain error, however, because sufficient evidence supported Mincey's conviction of the charged offenses.

### B. Admission of the Chemical Handler's Manual

■ Because Mincey did not object at trial to the admission into evidence of the Chemical Handler's Manual ("CHM"), we review only for plain error. *United States v. Crawford,* 239 F.3d 1086, 1090 (9th Cir. 2001). The CHM was relevant as a source of information available and known to Mincey, and on these facts, there was no plain error.

### C. Admission of Testimony and Exhibits That Reflected the Nature and Scope of CLS's Obligations as a Chemical Retailer

Because Mincey did not object to the introduction of certain laws and regulations that reflected the nature and scope of

CLS's obligations as a chemical retailer, we review only for plain error. *Id.* at 1090. We conclude that on these facts, there was no plain error.

### D. Judicial Misconduct

■ The standard for reversing a verdict because of judicial misconduct during trial is stringent, and to sustain such a claim there must be "an 'extremely high level of interference' by the trial judge which creates 'a pervasive climate of partiality and unfairness.'" *Duckett v. Godinez,* 67 F.3d 734, 740 (9th Cir.1995) (citation omitted). Mincey argues that the district judge interfered with his right to a fair trial because of two discrete instances involving the district judge's interaction with Mincey's counsel and expert witness. Neither incident showed the district judge's active participation in the proceeding, and certainly did not show that he created "a pervasive climate of partiality and unfairness." *Id.* at 740.

### E. Prosecutorial Misconduct

### 1. Grand Jury Proceedings

■ Because Mincey did not raise his claim before trial that the grand jury's indictment was a product of prosecutorial misconduct, he waived that claim. Fed. R.Crim.P. 12(b), (f); *United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000).

### 2. At Trial

■ Where Mincey objected to the prosecutor's alleged misconduct, we review for harmless error. *United States v. Sanchez,* 176 F.3d 1214, 1218 (9th Cir.1999). On the other hand, where Mincey did not object, we review for plain error. *Id.* Reversal based on prosecutorial misconduct is appropriate only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial. *United States v. Sayakhom,* 186 F.3d 928, 943 (9th Cir.1999), *amended on*

*other grounds,* 197 F.3d 959 (9th Cir.1999). Mincey fails to cite any parts of the record, or any other facts, that would show prosecutorial misconduct. Thus, under either standard of review, there is no basis for us to conclude that Mincey's conclusory allegations of prosecutorial misconduct materially affected the fairness of his trial.

### F. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are generally inappropriate on direct appeal. *Ross,* 206 F.3d at 900. We only review such claims (1) "when the record on appeal is sufficiently developed to permit review and determination of the issue," or (2) "when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* (internal quotation marks and citation omitted). Mincey's legal representation was not so inadequate that it obviously denied him his right to counsel. In fact, we are not sure whether the legal representation was ineffective at all. We decline to address the issue on this appeal because we do not have a sufficiently developed record to determine the issue.

## III Issues Raised by Roberts Only

### A. Sentencing Reduction

We review for an abuse of discretion the district court's application of the Sentencing Guidelines to the facts of a particular case. *United States v. Alexander,* 287 F.3d 811, 818 (9th Cir.2002). Whether a defendant is a minor participant under U.S.S.G. § 3B1.2 is a factual determination we review for clear error. *United States v. Rodriguez–Cruz,* 255 F.3d 1054, 1059–60 (9th Cir.2001). The district court's conclusion that Roberts was not a minor participant is not clearly erroneous. *Id.*

### B. Decision on Forfeiture

Roberts argues that because the money laundering count was pled in the alterna-

tive, alleging a violation of §§ 1956(a)(1)(A)(i) (promotional laundering) and (B)(i) (concealment laundering), whereas the forfeiture count only alleged a violation of § 1956(a)(1)(A)(i), it is impossible to know whether the district court's forfeiture determinations are consistent with the jury's verdict on money laundering because it is impossible to know under which violation the jury found Roberts guilty. We review de novo a district court's interpretation of the federal forfeiture laws. *United States v. Kim*, 94 F.3d 1247, 1249 (9th Cir.1996).

Appellants waived their right to have the jury decide the forfeiture issues. At sentencing, the district court sitting as the finder of fact found that there was sufficient evidence to support either money laundering theory in the money laundering count. Thus, the district court did not err in entering the forfeiture judgment.

AFFIRMED.