We have considered all of appellant's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.

**UNITED STATES of America,**
**Appellee,**

v.

**Ivania M. COUTO, Defendant–**
**Appellant.**

**No. 04–1516–CR.**

United States Court of Appeals,
Second Circuit.

Jan. 14, 2005.

Mark M. Baker, Brafman & Ross, P.C. (Benjamin Brafman), New York, NY, for Appellant, of counsel.

Richard S. Hartunian, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief; Robert P. Storch, Senior Litigation Counsel), Albany, NY, for Appellee, of counsel.

Present: WINTER, SOTOMAYOR, and B.D. PARKER, Circuit Judges.

Defendant Ivania M. Couto appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.) after conviction for conspiring to commit and committing bribery in violation of 18 U.S.C. §§ 371, 201(b)(1)(A), and 2. Couto was principally sentenced to five years of probation with six months of home detention. For the reasons to be discussed, we reject Couto's challenges to her conviction. We also assume familiarity by the parties with the facts and procedural history of the case.

■ The federal bribery statute, codified in relevant part at 18 U.S.C. § 201(b)(1)(A), imposes criminal penalties on anyone who "directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity" with intent "to influence any official act." Couto argues that the evidence only established that she paid money to Pedro Gonzalez, a private broker who trafficked in drugs and illegal green cards, so that Gonzalez would secure a green card for her. According to Couto, this evidence was insufficient to establish her intent that a "thing of value" be given to a "public official," within the meaning of § 201(b)(1)(A), in exchange for an illegal green card. We disagree.

A jury's verdict must be upheld if *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). At the end of the illicit transaction during which Couto secured her false immigration papers, the individual processing her paperwork (Thomas O'Connell, an undercover law enforcement official posing as a corrupt immigration official) asked Couto if the payment for illegal immigration documents had been settled. In response, she stated that the funds for the transaction were with "Pedro" and affirmatively indicated that Gonzalez would resolve the payment. This exchange was more than sufficient for the jury to reject Couto's assertion that Gonzalez was the only intended recipient of her funds.

■ Couto also asserts that insufficient evidence existed to support her knowledge that O'Connell was a public official. During his transaction with Couto, however, O'Connell indicated to her that he had access to the federal government's immigration files; described regional immigration processing centers as "our local offices"; repeatedly referred to the government's computing setup for immigration matters as "our" system; stated that he possessed an "approval stamp" that would allow Couto to circumvent questioning by immigration officials; coached Couto on methods for evading detection by immigration authorities; and conversed in immigration terminology and about immigration procedures. A rational trier of fact could have found that this evidence established Couto's knowledge that O'Connell was a corrupt immigration employee. *Cf. United States v. Jennings,* 471 F.2d 1310, 1312–13 (2d Cir.1973) (holding that conviction under federal bribery statute does not require proof that defendant knew of bribed official's federal status but only proof that defendant has "some form of knowledge that the person bribed was *an* official."). Couto's reliance on *United States v. Choy,* 309 F.3d 602 (9th Cir.2002) is unpersuasive. In *Choy,* the Ninth Circuit declined to uphold the bribery conviction

of an individual who gave money and a computer to a private individual who, in turn, agreed to secure illegal customs clearances from a government official. 309 F.3d at 604, 606. Because the defendant gave nothing directly to the government official, but merely facilitated the private intermediary's ability to obtain the illicit customs approvals, the court found that the defendant's acts did not fall within the terms of the bribery statute. *Id.* at 606. The *Choy* defendant only met with the government official to discuss the customs clearance plan, not to offer him an item of value in exchange for his assistance in securing false customs approvals. *Id.* at 604, 605. The instant case is readily distinguishable, for the evidence establishes that Couto intended for an item of value to be given indirectly to an individual she had every reason to perceive to be a public official in exchange for his commission of a crime on her behalf.

▪ Couto next argues that the district court's jury instruction constructively amended the indictment. The Fifth Amendment establishes a defendant's right to be tried only on charges contained in a grand jury indictment. *United States v. Clemente,* 22 F.3d 477, 482 (2d Cir.1994). "A constructive amendment occurs when the government's presentation of evidence and the district court's jury instructions combine to modify essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by the grand jury." *United States v. Vebeliunas,* 76 F.3d 1283, 1290 (2d Cir.1996) (citation and internal quotation marks omitted). This Court has established that "not every variance between the words of the indictment and the evidence presented at trial or the instructions given to the jury

amounts to a constructive amendment," *United States v. Ansaldi,* 372 F.3d 118, 127 (2d Cir.2004). Rather, "an impermissible alteration of the charge must affect an essential element of the offense." *United States v. Patino,* 962 F.2d 263, 266 (2d Cir.1992). A constructive amendment is a *per se* violation of the Fifth Amendment that requires reversal regardless of whether the constructive amendment actually prejudiced the defendant. *Clemente,* 22 F.3d at 482.

During the course of its deliberations, the jury asked the district court, *inter alia,* if it was a defense to the crime of bribery that the defendant had no knowledge of the specific thing of value (in the instant case, heroin) that was actually given, offered or promised to the public official by someone else on her behalf. The district court responded that this was not a defense. Couto argues that this instruction constructively amended the indictment.

This argument lacks merit. The indictment stated in relevant part that the named defendants, including Couto, "directly and indirectly did corruptly give, offer and promise a thing of value as set forth below, to an employee of the United States Department of Justice, Immigration and Naturalization Service (INS), a public official, with the intent to influence an official act ..." Count Eighteen of the indictment identified that thing of value as "[h]eroin delivered on March 22, 2000 and future heroin promised." Similarly, the conspiracy charge in the indictment stated that the thing of value was "[h]eroin promised." The indictment did not specify that Couto directly delivered, gave or promised heroin. The government stipulated at trial to the fact that Couto had no knowledge that Gonzalez delivered heroin in exchange for her illegal green card. Throughout the trial proceedings, the government re-

peatedly stated that its theory of the case never necessitated proof of Couto's knowledge that heroin was exchanged for the illegal green card but only required proof that Couto offered "something of value" to influence a public official.

Couto has not established that the contested jury charge varied from the indictment or the government's position at trial such that she was convicted for a crime for which she was not charged. Nor does Couto show that the government introduced evidence that could have permitted the jury to convict her on grounds different from those set forth in the indictment. The jury charge also did not require proof of Couto's knowledge that heroin would be given to O'Connell. Accordingly, Couto's case is readily distinguishable from those in which we have found constructive amendment. *See, e.g., United States v. Wozniak*, 126 F.3d 105, 108–11 (2d Cir. 1997) (holding that constructive amendment occurred when indictment charged defendant with cocaine and methamphetamine offenses but government's evidence consisted primarily of marijuana evidence and district court charged jury that it could convict regardless of illegal substance involved); *United States v. Zingaro*, 858 F.2d 94, 102–103 (2d Cir.1988) (finding that constructive amendment occurred because government introduced evidence of extortionate act that did not form basis of indictment).

For the reasons discussed, the judgment of the district court is AFFIRMED.