**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Dory Kim FRANTZ, Defendant—
Appellant.**

**No. 06–10535.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2007 *.

Filed June 26, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Florence T. Nakakuni, Esq., Jonathan M.F. Loo, Esq., USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Georgia K. McMillen, Esq., Wailuku Maui, HI, for Defendant–Appellant.

Before: ALARCÓN, BERZON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Appellant Dory Kim Frantz appeals from the judgment of conviction and the District Court's sentencing decision. Ms. Frantz contends that the District Court's instructions to the jury violated her Fifth and Sixth Amendment rights because they constructively amended the superseding indictment; and her sentence is unreasonable because of the disparity between the significantly lower sentences imposed on her co-conspirators. We affirm because we conclude that the District Court's jury instructions did not constructively amend the superseding indictment. We also hold that the sentencing decision was reasonable under 18 U.S.C. § 3553(a)(6).

**I**

**A**

The evidence viewed in the light most favorable to the Government revealed the following facts: On June 16, 2005, federal and local law enforcement officers arranged a controlled purchase of methamphetamine between Edward Price, a police informant, and Greg Frantz, Ms. Frantz's brother. Mr. Frantz sold four ounces of methamphetamine to Mr. Price for $8,400 at the Honolulu Airport Hotel. Law enforcement officers arrested Mr. Frantz in the hallway after the sale was consummated.

On the same date, Agent Terence Chu of the Federal Bureau of Investigations requested Mr. Frantz to telephone his sister Ms. Frantz and tell her to come to the hotel. The telephone conversation was recorded with Mr. Frantz's consent. Agent Chu also spoke to Ms. Frantz on the telephone. Agent Chu advised her that Mr.

---

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

Frantz had stated that she was the supplier of the methamphetamine sold to Mr. Price on that date. Ms. Frantz agreed to meet the officers.

Ms. Frantz met with Agent Chu and other officers at the Honolulu Airport Hotel approximately one hour later. After being advised of her constitutional rights, she signed a written *Miranda* waiver. She admitted that she had obtained the four ounces of methamphetamine that her brother sold to Mr. Price from a person named Mike. She stated that she had purchased two pounds of methamphetamine per month from Mike since January 2005.

After the conversation, Agent Chu permitted Ms. Frantz to leave. She was not arrested at this time because it would have jeopardized an on-going investigation of her Las Vegas methamphetamine supplier. Agent Chu asked her to consider whether she would cooperate in their efforts. Subsequently, she declined to do so. She was arrested on September 27, 2005.

**B**

On March 1, 2006, a federal grand jury indicted Ms. Frantz in a two-count superseding indictment. The first count alleges that Ms. Frantz conspired to distribute methamphetamine.

Count one provides:

From a time unknown to the grand jury, but at least by on or about January 1, 2005, up through and including to at least on or about June 16, 2005, in the District of Hawaii and elsewhere, defendant DORY KIM FRANTZ and others known and unknown to the grand jury, knowingly and intentionally conspired to distribute fifty (50) grams or more, to wit, approximately nineteen (19) pounds of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

Count one also alleged the following overt acts:

In furtherance of this conspiracy and in order to attain the objectives thereof, the following overt acts, among others, were committed in the District of Hawaii and elsewhere:

1. On or about June 16, 2005, defendant DORY KIM FRANTZ met with Greg Frantz and Joey Nicolai, who are not defendants in this case, at a hotel and delivered approximately 104.476 grams (or approximately four ounces) of methamphetamine, its salts, isomers and salts of its isomers to G. F.

2. On or about June 16, 2005, Greg Frantz delivered approximately 104.476 grams (or approximately four ounces) of methamphetamine, its salts, isomers and salts of its isomers to another individual.

All in violation of Title 21, United States Code, Section 846, 841(a)(1), and 841(b)(1)(A).

Count two of the superseding indictment charged Ms. Frantz with distributing methamphetamine. It reads as follows:

On or about June 16, 2005, in the District of Hawaii, defendant DORY KIM FRANTZ knowingly and intentionally distributed fifty (50) grams or more, to wit, approximately 104.476 grams (or approximately four ounces) of methamphetamine, its salts, isomers and salts of its isomers.

All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

Ms. Frantz pled not guilty to these charges.

## C

This matter was tried before a jury. Ms. Frantz did not testify. The Court instructed the jury that in order for Ms. Frantz to be found guilty under Count one, it must find:

First, beginning on or about January 1, 2005, and ending on or about June 16, 2005, there was an agreement between two or more persons to distribute 50 grams or more of methamphetamine, its salts, its isomers, and salts of its isomers; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

In a special verdict form, the District Court directed the jury to make the following finding:

If you find Dory Kim Frantz guilty as to Count 1, then state the amount of methamphetamine, its salts, isomers, and salts of its isomers for which she is responsible by checking one of the following (your choice must be unanimous):

\_\_\_\_\_ less than 5 grams of methamphetamine, its salts, isomers, and salts of its isomers

\_\_\_\_\_ 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers

\_\_\_\_\_ 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers

The jury unanimously found that Ms. Frantz was guilty of conspiracy to distribute "50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers."

The Court further instructed the jury that in order to find Ms. Frantz guilty of the crime alleged in Count two, it must find:

First, the defendant knowingly delivered 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers; and

Second, the defendant knew that it was methamphetamine, its salts, isomers, and salts of its isomers, or some other prohibited drug.

Ms. Frantz did not object to these instructions or the verdict form. The jury found Ms. Frantz guilty as charged.

## D

At her sentencing hearing, Ms. Frantz requested that the District Court impose a sentence below the Sentencing Guidelines range based on a variety of reasons, including: her background, age, military service, government service, physical injuries that she sustain from her service, her drug addiction, her lack of criminal history, and the love of her friends and family. Ms. Frantz also argued that sentencing her within the Sentencing Guidelines range would create a sentencing disparity when compared to the sentences imposed on other members of the drug trafficking conspiracy. The District Court rejected Ms. Frantz's arguments and sentenced her to imprisonment for 188 months.

Ms. Frantz timely filed a notice of appeal. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1)–(2).

## II

## A

■ Ms. Frantz contends that the District Court's jury instructions constructively amended the superseding indictment, in violation of the Fifth and Sixth Amendments of the United States Constitution. "[A]fter an indictment has been returned its charges may not be broadened through

amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215–16, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). We "review de novo [a defendant's] contention that the district court constructively amended the indictment." *United States v. Adamson*, 291 F.3d 606, 612 (9th Cir.2002). When the defendant fails to object at trial that there was a constructive amendment, "we review for plain error only." *United States v. Choy*, 309 F.3d 602, 607 (9th Cir.2002). To qualify as plain error "[t]here must be an error that is plain and that affects substantial rights." *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted).

Ms. Frantz contends that the District Court constructively amended Count one of the superseding indictment by instructing the jury it could convict the defendant of conspiracy with other persons "to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers." because the indictment but not the jury instructions more specifically alleged that she conspired to distribute approximately nineteen (19) pounds of methamphetamine. The reference to nineteen pounds in Count one of the indictment is followed by "to wit."

In *United States v. Garcia–Paz*, 282 F.3d 1212 (9th Cir.2002), we held that language preceded by the phrase "to wit" in an indictment is mere surplusage. *Id.* at 1215–1216. Consequently the omission of any reference to the nineteen pounds in the jury instructions did not alter the charge against Ms. Frantz. Accordingly, the District Court did not constructively

amend the superseding indictment in its instruction to the jury by omitting surplus language in the indictment concerning the amount of methamphetamine Ms. Frantz conspired to distribute.[1]

Count two of the superseding indictment also alleged that Ms. Frantz "knowingly and intentionally distributed fifty (50) grams or more, to wit, approximately 104.476 grams (or approximately four ounces) of methamphetamine, its salts, isomers and salts of its isomers." The phrase "approximately 104.476 grams (or approximately four ounces) of methamphetamine, its salts, isomers and salts of its isomers" after the "to wit" phrase is, once again, mere surplusage. The District Court did not err in instructing the jury that in Count two, Ms. Frantz was charged with conspiring to distribute 50 grams or more of methamphetamine without mentioning the 104.476 gram quantity that was additionally specified in the indictment.

Ms. Frantz also asserts that the District Court constructively amended Count one of the indictment by instructing the jury that Ms. Frantz "delivered 50 grams or more of methamphetamine," but not instructing the jury on both of the overt acts specified in the indictment.

Ms. Frantz argues that "[t]he Grand Jury specified only one crime as the object of the conspiracy: the offense in Count 2, distribution of 104.476 grams of ice on June 16, 2005." Ms. Frantz further argues that "the court permitted the trial jury to convict Dory [Frantz] under Count 1 for conspiracy to distribute *any* amount of ice over 50 grams, during *any* time

---

1. The record shows that Ms. Frantz conspired to distribute 50 grams or more of methamphetamine between January 1, 2005 and June 16, 2005. Mike Winings testified that he sold 12 pounds to Ms. Frantz in January 2005. In her confession, Ms. Frantz stated that she received nine pounds of methamphetamine

from Mr. Winings approximately three weeks before June 16, 2005. This evidence shows that she conspired to purchase approximately nineteen pounds of methamphetamine as part of a conspiracy to distribute that controlled substance.

between January 1 and June 16, 2005." *Id.* She maintains that the court's instructions regarding the overt act in Count one "differ from the limited distribution crime alleged in Court 2, whereby the Grand Jury restricted the charges to 104.476 grams of ice delivered on June 16, 2005." *Id.*

■ This argument confuses the crime alleged in Court one, a conspiracy to distribute methamphetamine that was entered into on or about January 1, 2005 to at least June 16, 2005, with the substantive offense of distribution of methamphetamine alleged in Count two. It also ignores the Supreme Court's instruction in *United States v. Shabani*, 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994), that "[i]n order to establish a violation of 21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy." *Id.* at 15, 115 S.Ct. 382. The record shows that Ms. Frantz conspired with others to distribute methamphetamine between January 1, 2005 and June 16, 2005. Under *Shabani*, the Government was not required to prove beyond a reasonable doubt that the conspiracy resulted in actual distribution by Ms. Frantz of any amount of methamphetamine. Thus, the District Court was not required to instruct the jury regarding allegations that Ms. Frantz distributed 104.476 grams of methamphetamine on or about June 16, 2005. *See Garcia–Paz*, 282 F.3d at 1217 (approving the Eighth Circuit's holding in *United States v. McIntosh*, 23 F.3d 1454, 1457 (8th Cir.1994), that "[a]llegations in the indictment that are not necessary to establish a violation of a statute are surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime"). The District Court did not constructively amend the superseding indictment by failing to instruct the jury regarding the amount of

methamphetamine set forth in the overt act section, which was unnecessarily alleged in Count one of the superseding indictment. The District Court properly instructed the jury that Ms. Frantz conspired with others to distribute methamphetamine between January 1, 2005 and June 16, 2005.

Ms. Frantz maintains further that conviction under Count two of the superseding indictment "required that the Government prove beyond a reasonable doubt that [she] distributed . . . ice on or about June 16, 2005." She asserts that the District Court "broadened the scope of the Grand Jury's charge under Count 2 because it permitted the jury to convict [her] for *any* sale of 50 grams of [sic] more of ice . . . at any time." *Id.* at 33.

To the contrary, the District Court did instruct the jury regarding the timing of the offense. The superseding indictment charged in Count two that Ms. Frantz distributed methamphetamine "on or about June 16, 2005." The District Court provided the jury with a redacted copy of the indictment. It also instructed the jury that Count two of

> the indictment charges that the offense was committed on or about a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Although it certainly could have been more clear, the District Court adequately informed the jury of its responsibility to determine the timing of the alleged offense by providing to the jury and referring to the redacted indictment.

## B

■ Ms. Frantz further argues that "the disparity between [her] 188–month prison term and the significantly lower sentences for Michael Winings and Greg Frantz is unwarranted under 18 U.S.C. § 3553(a)(6) and requires that her sentence be vacated." "We review sentences imposed after the Supreme Court's decision in *United States v. Booker* for unreasonableness." *United States v. Plouffe,* 436 F.3d 1062, 1063 (9th Cir.2006) (internal quotation marks omitted). When a defendant challenges a sentence on the ground of disparity with co-defendants under 18 U.S.C. § 3553(a)(6), the defendant must establish that those co-defendants are similarly situated because § 3553(a)(6) mandates that sentencing judges take into account "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Here, the District Court considered Ms. Frantz's criminal history and personal characteristics, her role in the offense, and the advisory Sentencing Guidelines range of 188–235 months. The Court rejected Ms. Frantz's sentencing disparity argument because Mr. Winings and Mr. Nicolai received credit for cooperating with the government, and Mr. Frantz received a lower sentence because he was responsible for a smaller drug amount and pled guilty. Accordingly, we conclude that Ms. Frantz's sentence was not unreasonable.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See*