**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rocco DIPENTINO, Defendant–**
**Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Dennis Price, aka Rafiq Ali,**
**Defendant–Appellant.**

United States of America, Plaintiff–
Appellee–Cross–Appellant,

v.

Dennis Price, aka Rafiq Ali,
Defendant–Appellant–
Cross–Appellee.

United States of America, Plaintiff–
Appellee–Cross–Appellant,

v.

Rocco Dipentino, Defendant–Appellant–
Cross–Appellee.

Nos. 98–10449, 98–10482,
98–10450, 98–10481.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 2000

Filed March 13, 2001

Eric W. Swanis, Kevin R. Stolworthy, Las Vegas, Nevada, for defendant-appellant Rocco Dipentino.

Dennis P. Riordan, San Francisco, California, for defendant-appellant Rafiq Ali.

James A. Morgulec, Washington, D.C., for plaintiff-appellee United States of America.

Before: THOMPSON, O'SCANNLAIN, and TASHIMA, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Rocco Dipentino and Rafiq Ali appeal their convictions following their joint trial for improperly removing asbestos-containing materials from the Landmark Hotel and Casino in Las Vegas, Nevada, prior to its demolition, in violation of the Clean Air Act, 42 U.S.C. §§ 7412(f)(4) and (h), 7413(c)(1). The government cross-appeals the sentences imposed by the district court. We conclude that the district court committed plain error when it constructively amended the indictment by instructing the jury on a work practice standard that the defendants were not charged with

violating. We exercise our discretion under Federal Rule of Criminal Procedure 52(b) to reverse the defendants' convictions and remand the case to the district court. We dismiss the government's cross-appeals as moot.

## BACKGROUND

The Las Vegas Convention and Visitors Authority ("Visitors Authority") hired Ab–Haz Environmental, Inc. ("Ab–Haz"), an asbestos-abatement consulting firm, to oversee the removal of asbestos-containing materials from the Landmark Hotel and Casino in Las Vegas, Nevada, prior to its demolition. Rafiq Ali[1] was the president and sole proprietor of Ab–Haz; Rocco Dipentino was an industrial hygienist employed by Ab–Haz as the on-site inspector at the Landmark. Under the terms of its contract with the Visitors Authority, Ab–Haz was required to: (1) survey the Landmark and identify the asbestos-containing materials that needed to be removed prior to demolition; (2) prepare specifications for how the asbestos removal job was to be performed; (3) assist the Visitors Authority in selecting an asbestos-removal contractor to remove the asbestos-containing materials; (4) serve as the Visitors Authority's on-site representative, providing day-to-day monitoring and oversight of the work to ensure that it was being performed in accordance with the law; and (5) inspect and certify that the site was free from asbestos following the completion of the asbestos-removal work.

The Clean Air Act classifies asbestos as a hazardous air pollutant. *See* 42 U.S.C. § 7412(b)(1). Emissions of hazardous air pollutants in violation of work practice standards promulgated by the Environment Protection Agency are prohibited. *See* 42 U.S.C. § 7412(b)(1), (h)(1). Under the work practice standard relevant to this case, an owner or operator of a demolition activity is required to remove all asbestos prior to demolition and must "[a]dequately wet the [asbestos-containing] material and ensure that it remains wet until collected and contained" in leak-tight containers for proper disposal. *See* 40 C.F.R. § 61.145(c)(6)(i). An owner or operator of a demolition activity who knowingly violates a work practice standard is subject to criminal penalties. *See* 42 U.S.C. § 7413(c)(1). An employee who is carrying out his or her normal activities and acting under orders from the employer is liable only for knowing and willful violations. *See* 42 U.S.C. § 7413(h).

The grand jury for the District of Nevada returned a two-count indictment against Ab–Haz, Rafiq Ali, Rocco Dipentino, and a defendant who was later acquitted, Richard Lovelace, who was the on-site inspector of the asbestos-removal contractor hired by the Visitors Authority. Count 1 of the indictment charged the defendants with knowingly conspiring to violate the Clean Air Act by removing regulated asbestos-containing materials from surfaces in the Landmark without complying with the applicable work practice standards. Count 2, paragraph A ("Count 2¶ A") charged each defendant with knowingly violating the Clean Air Act by leaving scraped asbestos-containing debris on floors and other surfaces, where it was allowed to dry out, instead of placing the debris, while wet, into leak-proof containers for removal from the site. Count 2, paragraph B ("Count 2¶ B") charged each defendant with knowingly violating the Clean Air Act by causing asbestos-covered facility components to fall from the ceiling to the floor, rather than carefully lowering such components so as not to dislodge asbestos. One government inspector described the removal project as "the worst [asbestos] abatement job I've seen."

At the close of the government's case, the district court granted the defendants' motions for judgment of acquittal on Counts 1 and 2¶ B, but held that the gov-

---

1. At the time of the events charged in the indictment, Rafiq Ali was known as Dennis Price.

ernment had produced sufficient evidence to support a conviction on Count 2¶ A. The jury convicted Ali and Dipentino on Count 2¶ A, but acquitted Lovelace.[2] The district court sentenced Ali and Dipentino to five months' incarceration and five months of home detention, and fined Ali $3,000 and Dipentino $2,000.

Ali and Dipentino appeal their convictions in appeal nos. 98–10449 and 98–10450. The government cross-appeals the sentences imposed by the district court in appeal nos. 98–10481 and 98–10482.

## DISCUSSION

*A. Constructive Amendment*

██ Ali and Dipentino contend that the district court constructively amended the indictment by instructing the jury on a work practice standard that they were not charged in the indictment with violating— namely, that an owner or operator of a demolition activity must deposit all asbestos-containing waste material at a waste disposal site that meets appropriate federal requirements. They argue that this error violated their Fifth Amendment right to be tried only on the charges included in the grand jury's indictment. *See Stirone v. United States*, 361 U.S. 212, 215–16, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

██ The defendants did not object to the district court's jury instruction. Accordingly, we review for plain error. *See United States v. Payseno*, 782 F.2d 832, 834 (9th Cir.1986). We have the authority to reverse a conviction under Federal Rule of Criminal Procedure 52(b) when: (1) there was an error, (2) the error was plain, and (3) the error affected the defendant's substantial rights. *See United States v. Olano*, 62 F.3d 1180, 1187–88 (9th Cir. 1995) (citing *United States v. Olano*, 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). However, "Rule 52(b) is permissive, not mandatory." *Olano*, 507 U.S. at 735, 113 S.Ct. 1770. We will not exercise our discretion to reverse

under Rule 52(b) unless "the 'error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 736, 113 S.Ct. 1770 (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)).

██ A defendant charged in a federal criminal case by a grand jury's indictment may only be tried on the charges set forth in that indictment. *See Stirone*, 361 U.S. at 216, 80 S.Ct. 270. A district court that constructively amends an indictment by its instructions to the jury commits error. *See United States v. Shipsey*, 190 F.3d 1081, 1086 (9th Cir.1999). A constructive amendment "involves a change, whether literal or in effect, in the terms of the [indictment]." *Jones v. Smith*, 231 F.3d 1227, 1232 (9th Cir.2000) (quoting *Browning v. Foltz*, 837 F.2d 276, 280 & n. 5 (6th Cir.1988)); *see also United States v. Olson*, 925 F.2d 1170, 1175 (9th Cir.1991) ("We distinguish variances from amendments by determining whether the charging terms of the indictment have been altered, either formally or in effect."); *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir.1984) ("An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them.").

Ali and Dipentino were charged in Count 2¶ A with allowing scraped asbestos-containing materials to dry out on the floor, instead of placing the materials, while wet, into leak proof containers for later removal. Count 2¶ A specifically stated:

> In the course of causing the wetting and removal of asbestos-containing materials from ceilings and other components at the Landmark Hotel and Casino, the defendants caused quantities of scraped and/or loose asbestos-containing debris to be left on floors and other surfaces where such debris was allowed to dry,

**2.** The district court dismissed Ab–Haz on the ground that Ab–Haz was not a "person" with-

in the meaning of the Clean Air Act.

instead of causing all such debris to be gathered, while wet, and placed in leak-proof containers or wrappings to be removed from the site, as required by work practice standards promulgated pursuant to the Clean Air Act.

In its jury instructions, the district court defined the charged offense as one in which the defendants knowingly failed or knowingly caused any employee to fail to comply with the work practice standards alleged in the indictment. The district court then defined the work practice standards as follows:

> When friable asbestos material is stripped from a facility component, such as a wall, ceiling, or beam, the material must be adequately wetted during the stripped operation.

> All asbestos-containing material that has been removed or stripped must remain adequately wet until collected, contained, treated, and packed and sealed in leak-tight containers or wrappings in preparation for disposal.

> *All asbestos-containing waste material shall be deposited as soon as is practical by the waste generator at a waste disposal site that meets appropriate federal requirements.* (Emphasis added.)

It is evident that the district court constructively amended the indictment because the jury instruction permitted the jury to convict the defendants of violating a work practice standard they were not charged in the indictment with violating, namely that "all asbestos-containing waste material shall be deposited as soon as is practical by the waste generator at a waste disposal site that meets appropriate federal requirements." *See Stirone*, 361 U.S. at 215–16, 80 S.Ct. 270 ("[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself.").

Prior to *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), it was established in this circuit that a constructive amendment required reversal, even under plain error review. *See Olson*, 925 F.2d at 1175 ("[A construc-

tive] amendment always requires reversal because it deprives a defendant of his right to be tried on the grand jury's charge."); *United States v. Solis*, 841 F.2d 307, 309 (9th Cir.1988) (same); *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir.1983) (same). However, in *United States v. Shipsey*, 190 F.3d 1081 (9th Cir.1999), we stated that "[w]e have not had occasion to determine whether reversal is always required after *United States v. Olano*, 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), which recognizes more discretion for courts reviewing for plain error." *Id.* at 1087; *see also Olano*, 507 U.S. at 735, 113 S.Ct. 1770 (holding that even if a defendant is able to show that there was a plain error that affected his substantial rights, a court of appeals is not required to reverse a conviction unless it finds that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings). In *Shipsey*, we found it unnecessary to resolve whether a constructive amendment of the indictment always requires reversal under plain error review after *Olano* because we concluded that the defendant had been prejudiced by the constructive amendment. *See Shipsey*, 190 F.3d at 1087 ("We need not decide whether reversal is always required because we hold that Shipsey was prejudiced by the constructive amendment of the indictment.").

■ As we did in *Shipsey*, we find it unnecessary in this case to consider whether a constructive amendment always requires reversal, even under plain error review, because we conclude that the defendants were prejudiced by the constructive amendment.

Under the district court's instructions, the jury could have found the defendants not guilty of permitting scraped asbestos to dry out before placing it in containers, yet convicted them because they failed to move the containers as soon as practical to a government-approved waste disposal site. The likelihood that the jurors may have based their verdict on this uncharged

work practice standard was increased when: (1) the government informed the jury in its opening and closing statements that it was a violation of the relevant work practice standards to fail to place leak-proof containers of asbestos-containing material in a proper disposal facility, and (2) two inspectors advised the jury of the requirement that asbestos-containing materials must be deposited in an appropriate landfill.

We conclude that the defendants suffered prejudice by the district court's constructive amendment of the indictment. Accordingly, despite the defendants' failure to object to the court's erroneous instruction, we exercise our discretion under Federal Rule of Criminal Procedure 52(b) and reverse their convictions. We remand these cases to the district court for further proceedings consistent with this opinion.

*B. Sufficiency of the Evidence*

 Dipentino asserts that the evidence was insufficient to support his conviction for violating the Clean Air Act.[3] We reach this argument because if the evidence presented at trial was insufficient to support a conviction, the Double Jeopardy Clause would bar a retrial. *See Shipsey,* 190 F.3d at 1088 (citing *United States v. Aguilar,* 80 F.3d 329, 334 (9th Cir.1996) (en banc)). "Sufficient evidence exists to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Shipsey,* 190 F.3d at 1088 (citing *United States v. Bancalari,* 110 F.3d 1425, 1428 (9th Cir.1997)).

 The Clean Air Act imposes criminal liability on an owner or operator if he or she knowingly violates the Act. *See* 42 U.S.C. § 7413(c)(1). The term "owner or operator" is defined under the asbestos regulations as "any person who owns, leases, operates, controls, or supervises the facility being demolished or renovated or any person who owns, leases, operates, controls or supervises the demolition or renovation operation, or both." 40 C.F.R. § 61.141. In determining whether a person is an owner or operator within the meaning of the Clean Air Act, the question is whether the person "ha[d] significant or substantial or real control and supervision over [the] project." *United States v. Walsh,* 8 F.3d 659, 662 (9th Cir.1993).

The evidence established that Dipentino "ha[d] significant or substantial or real control and supervision" over the asbestos-abatement project at the Landmark and that he knowingly violated the relevant work practice standards charged in the indictment. The government presented evidence that Dipentino was employed by Ab–Haz as the Landmark's "on-site representative during the term of work"; that he was present at the site on a daily basis; that he performed inspections of areas that the asbestos-removal contractor had allegedly abated; that he prepared and signed final inspection reports certifying that rooms in the Landmark were clear of asbestos-containing material; and that he had the power to stop the asbestos-removal contractor's work for improper performance.

The government also presented evidence that Dipentino was licensed by the State of Nevada as an asbestos-abatement supervisor and consultant; that in support of his applications for those licenses, Dipentino certified that he had completed courses and training in environmental law requirements; that Dipentino co-authored with Rafiq Ali the asbestos survey of the Landmark, which revealed that the Landmark contained 328,000 square feet of asbestos-containing acoustical ceiling spray, 1250 linear feet of asbestos-containing fireproofing material on structural components such as beams, as well as asbestos-containing pipe insulation and other materials found throughout the facility; and that piles of asbestos-containing debris were discovered by inspectors after the Landmark abatement job was certified as com-

---

**3.** Rafiq Ali does not raise a sufficiency-of-the- evidence argument.

pleted. Although Dipentino argues that the jury could not reasonably have concluded that he knew, simply by looking, that the debris left to dry on the floors of the Landmark contained asbestos, the district court properly rejected this argument in a post-judgment order stating: "Knowledge that a debris pile contains asbestos, however, can also result from knowing the source and nature of the material in the debris pile. Plainly it can be concluded that a person knows a debris pile contains asbestos if that person knew that the debris pile was created from material that the person knew to contain asbestos." In sum, there was sufficient evidence to convict Dipentino.

Appeal Nos. 98–10449 and 98–10450: REVERSED and REMANDED.

Appeal Nos. 98–10481 and 98–10482: DISMISSED as moot.