**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RICKY DAVIS, AKA Rick
Dog, AKA Ricky Loks,
*Defendant-Appellant.*

No. 15-10402

DC No.
CR 12-0056 AWI

OPINION

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

Filed April 14, 2017

Before: A. Wallace Tashima and Andrew D. Hurwitz,
Circuit Judges, and Lynn S. Adelman,[*] District Judge.

Opinion by Judge Tashima

---

[*] The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a conviction for sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), reversed a conviction for attempted sex trafficking of a minor in violation of 18 U.S.C. § 1591(a), vacated the sentence, and remanded for further proceedings.

The panel held that a constructive amendment of the indictment occurred, where the § 1591(a) charge required the government to prove beyond a reasonable doubt that the defendant affirmatively knew of the minor's age or that he recklessly disregarded her minority status, but the jury instructions and the government's closing argument stated that the jurors could convict, even without a finding as to knowledge or recklessness, so long as they determined that the defendant had a reasonable opportunity to observe the minor. The panel remanded to the district court for resentencing on an open record or, alternatively, for the defendant to be retried on the § 1591(a) charge.

The panel addressed other arguments in a concurrently filed memorandum.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Peggy Sasso (argued), Assistant Federal Defender; Heather E. Williams, Federal Defender; Office of the Federal Public Defender, Fresno, California; for Defendant-Appellant.

Brian W. Enos (argued), Assistant United States Attorney; Camil A. Skipper, Assistant United States Attorney & Appellate Chief; Phillip A. Talbert, Acting United States Attorney; United States Attorney's Office, Fresno, California; for Plaintiff-Appellee.

**OPINION**

TASHIMA, Circuit Judge:

Ricky Davis appeals his convictions for sexual exploitation and attempted sex trafficking of a minor, as well as the resulting sentence. We have jurisdiction under 28 U.S.C. § 1291. We affirm Davis' conviction for sexual exploitation of a minor, but we reverse his conviction for attempted sex trafficking.[1]

**I.**

On September 17, 2011, Ricky Davis brought thirteen-year-old Bianca to his house. Once there, he discussed the possibility of Bianca making money by going on dates, took sexually explicit photos of her, helped to post these images on a website known for advertising escort services, and

---

[1] In a concurrently filed memorandum, we address and reject Davis' arguments not addressed in this opinion.

introduced Bianca to at least one individual with whom Bianca later had sex in exchange for money. Some months later, after two different men had trafficked Bianca, law enforcement discovered the sexually explicit photographs and arrested Davis.

Davis was indicted for (1) sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), and (2) attempted sex trafficking either by force or of a minor, in violation of 18 U.S.C. §§ 1591(a), 1594. Davis was convicted on both counts. The district court sentenced him to concurrent 300-month terms of imprisonment.

This appeal followed. Davis challenges his conviction under § 1591(a) on the ground that the district court's jury instruction constructively amended the indictment.

## II.

"When [as in this case] a defendant raises a constructive amendment claim before the district court, we review de novo." *United States v. Ward*, 747 F.3d 1184, 1188 (9th Cir. 2014).

## III.

### A. A Constructive Amendment Occurred.

"The Fifth Amendment's grand jury requirement establishes the 'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" *United States v. Antonakeas*, 255 F.3d 714, 721 (9th Cir. 2001) (quoting *United States v. Miller*, 471 U.S. 130, 140 (1985)). "A constructive amendment occurs when the charging terms

of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." *Ward*, 747 F.3d at 1190 (internal quotation marks and citation omitted). There are two types of constructive amendment: first, where "there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument," and, second, where "the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002) (quoting *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984)). Here, we are concerned with the second type of amendment.

Our decision in *United States v. Dipentino*, 242 F.3d 1090 (9th Cir. 2001), is an instructive example of the second category. In *Dipentino*, the Court considered a constructive amendment challenge to a conviction for violations of the Clean Air Act. *Id.* at 1093–94. The indictment charged that the defendants had:

> . . . caused quantities of scraped and/or loose asbestos-containing debris to be left on floors and other surfaces where such debris was allowed to dry, instead of causing all such debris to be gathered, while wet, and placed in leak-proof containers or wrappings to be removed from the site, as required by work practice standards promulgated pursuant to the Clean Air Act.

*Id.* at 1094–95. When instructing the jury, however, the district court defined the charged offense as one in which the

defendants "knowingly failed . . . to comply with the work practice standards alleged in the indictment." *Id.* at 1095. Critically, the district court then defined the relevant work practice standards as requiring that "[a]ll asbestos-containing waste material shall be deposited as soon as is practical by the waste generator at a waste disposal site that meets appropriate federal requirements." *Id.*

Because the conduct charged in the indictment was substantially different from the conduct described in the jury instructions, we concluded that "[i]t is evident that the district court constructively amended the indictment because the jury instruction permitted the jury to convict the defendants of violating a work practice standard they were not charged in the indictment with violating[.]" *Id.*

This case is closely analogous to *Dipentino*. Here, Count 2 of the indictment charges that Davis violated § 1591(a) when he:

> . . . knowingly attempted to recruit, entice, harbor, transport, provide, obtain, and maintain by any means, a person to engage in a commercial sex act, to wit: a minor female victim, . . . *knowing or in reckless disregard of the fact that the person had not attained the age of 18 years*[.]

(Emphasis added.)  At trial, however, the jury instruction as to Count 2 provided, in relevant part:

> The elements of sex trafficking are: . . . (2) knowing that Bianca had not attained the age of 18 years, or recklessly disregarded that

> fact, *or the defendant had a reasonable opportunity to observe Bianca*, and that Bianca would be caused to engage in a commercial sex act . . . [.]

(Emphasis added.)  Elsewhere in the same instruction, the district court charged:

> In Count 2 of the Indictment, the defendant is charged with Attempted Sex Trafficking of Children.  For the defendant to be found guilty, the Government need not prove that the defendant knew Bianca had not attained the age of 18 *so long as the defendant had a reasonable opportunity to observe Bianca.*[2] (Emphasis added.)

In its closing argument, the government adopted much the same approach, arguing:

> [W]e, again, submit that the evidence shows both, that Bianca had not attained the age of 18, or the defendant recklessly disregarded that fact, *or he had a reasonable opportunity to observe Bianca*, and that she would be caused to engage in a commercial sex act.

(Emphasis added.)

---

[2] The italicized language is taken from § 1591(c), which further provides that if the government proves the "reasonable opportunity to observe" prong, it is relieved from proving the defendant's knowledge or recklessness regarding the victim's minority.

It is evident that the language of the indictment differs substantially from the jury instruction and the government's closing argument. Specifically, the indictment charged that Davis knew Bianca was a minor or that he recklessly disregarded this fact. Thus, under the indictment, the government was required to prove, beyond a reasonable doubt, either that Davis affirmatively knew of Bianca's age, or, alternatively, that he recklessly disregarded her minority status. In contrast, the jury instructions afforded jurors a *third* option for convicting Davis: namely, they could convict, even without a finding as to knowledge or recklessness, so long as they determined that Davis *"had a reasonable opportunity to observe Bianca."*

We thus conclude that a constructive amendment occurred because "the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *Adamson*, 291 F.3d at 615. *See also United States v. Stewart Clinical Lab, Inc.*, 652 F.2d 804, 807 (9th Cir. 1981) ("The court may not substantially amend the indictment through its instructions to the jury." (citations omitted)). Our holding today is consistent with *United States v. Lockhart*, 844 F.3d 501 (5th Cir. 2016), the facts of which are indistinguishable from this case. There, the Fifth Circuit observed:

> By including the language found in § 1591(c), the district court materially modified an essential element of the indictment by transforming the offense with

which the indictment charged [the defendant] from one requiring specific mens rea into a strict liability offense.

*Id.* at 515–16 (footnote and citation omitted). We agree.

## B. Davis' Conviction Under § 1591(a) Must Be Reversed.

"Objections that the trial court improperly instructed the jury about the contents of the indictment generally fall into one of two categories: a constructive amendment or a variance." *Ward*, 747 F.3d at 1189. And, while "[t]he line that separates a constructive amendment from a variance is not always easy to define," *id.*, drawing this distinction is nevertheless critical. This is because "a constructive amendment typically mandates reversal, while 'a variance requires reversal only if it prejudices a defendant's substantial rights.'" *Id.* (citing *Adamson*, 291 F.3d at 615, and *Antonakeas*, 255 F.3d at 722). We have also held that "amending the indictment to charge a new crime constitutes a per se reversible error." *Stewart Clinical*, 652 F.2d at 807. *See also United States v. Olson*, 925 F.2d 1170, 1175 (9th Cir. 1991) ("An amendment always requires reversal, because it deprives a defendant of his right to be tried on the grand jury's charge."), *abrogated in part by United States v. Cotton*, 535 U.S. 625, 630 (2002).

We have previously articulated the distinction between a constructive amendment and a variance:

An *amendment* of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has

last passed upon them. A *variance* occurs when the charging terms of the indictment are left unaltered, but the evidence at trial proves facts materially different from those alleged in the indictment.

*Von Stoll*, 726 F.2d at 586 (quoting *United States v. Cusmano*, 659 F.2d 714, 718 (6th Cir. 1981) (citations omitted)). Here, the district court's jury instruction and the government's argument had the effect of altering the terms of the indictment.

Thus, the district court's error here is properly characterized as a constructive amendment, not as a mere variance. As a result, Davis' conviction under § 1591(a) must be reversed. *See Ward*, 747 F.3d at 1189 (citing *Adamson*, 291 F.3d at 615, and *Antonakeas*, 255 F.3d at 722).

## C. Remand for Resentencing is Required.

The district court sentenced Davis to 300 months' imprisonment for each count of his conviction, with the terms to run concurrently. Although we affirm Davis' conviction under § 2251 in our concurrently-filed memorandum, "[w]hen a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes 'unbundled.'" *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000). Under these circumstances, vacating the sentence is required in order to allow the district court "to put together a new package reflecting its considered judgment as to the punishment the defendant deserve[s] for the crimes of which he . . . [remains] . . . convicted." *Id.* (quoting *United States v. McClain*, 133 F.3d 1191, 1193 (9th Cir. 1998) (other citations omitted)).

We remand to the district court for resentencing on Davis' single remaining conviction on an open record or, alternatively, for Davis to be retried on the § 1591(a) charge.[3]

## IV.

We thus (1) affirm Davis' conviction under § 2251, (2) reverse his conviction under § 1591(a) on grounds of constructive amendment, (3) vacate the sentence, and (4) remand to the district court for further proceedings consistent with this opinion.

**AFFIRMED in part, REVERSED in part, sentence VACATED, and REMANDED.**

---

[3] Because we reverse Davis' § 1591(a) conviction on the constructive amendment ground, we need not reach his other challenges to that conviction. We also do not reach Davis' arguments challenging the propriety or reasonableness of his now-vacated sentence.