**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30159 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:17-cr-00229-TOR-4 |
| BULMARO CONTRERAS-FIGUEROA, AKA Israel Contreras, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted October 7, 2020**
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

Defendant Bulmaro Contreras-Figueroa appeals his criminal sentence of 220 months' imprisonment for conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 84l(a)(1), 841(b)(l)(A)(viii) and possessing a firearm as an illegally present alien in violation of 18 U.S.C. § 922(g)(5)(A). We affirm.

1. Reviewing de novo, we hold that neither the government nor the district court violated Defendant's Fifth Amendment right to indictment by grand jury. See United States v. Davis, 854 F.3d 601, 603 (9th Cir. 2017) (holding that we review de novo whether the indictment was constructively amended when a defendant raises that argument before the district court). Defendant pleaded guilty to violating 21 U.S.C. §§ 846, 84l(a)(1), 841(b)(l)(A)(viii), that is, conspiring to distribute drugs. The grand jury's charge that Defendant intentionally conspired to violate that very statute was sufficient. See United States v. Cochrane, 985 F.2d 1027, 1031 (9th Cir. 1993) (per curiam) (holding that an indictment need only "provide the essential facts necessary to apprise a defendant of the crime charged").

2. The district court abused its discretion in finding that reliable evidence supports the 15 to 45 kilograms of a methamphetamine mixture it attributed to Defendant—the basis for its base offense level of 36 under the Sentencing Guidelines. See United States v. Vera, 893 F.3d 689, 692 (9th Cir. 2018) (holding that we review for abuse of discretion the district court's "evaluation of the

reliability of evidence at sentencing").  However, that error was harmless because the evidence clearly supports Defendant's base offense level, albeit for a different reason.  See United States v. Ali, 620 F.3d 1062, 1074 (9th Cir. 2010) (holding that a harmless error is not a ground for resentencing).

Although the district court and government discussed Defendant's quantity of drugs as a methamphetamine mixture, the presentence investigation report stated, and Defendant did not dispute, that he trafficked in highly pure, or "ice," methamphetamine, which is worth ten times as much as a mixture under the Guidelines.  See U.S. Sent'g Guidelines Manual § 2D1.1(c)(2) (showing that 1.5 to 4.5 kilograms of ice is akin to 15 to 45 kilograms of a mixture and that both warrant a base offense level of 36).  Police found Defendant with 928.3 grams of undisputed ice, and a wiretap showed that Defendant discussed thousands of dollars in drug payments.  Thus, it is clear that he conspired to distribute at least 1.5 kilograms of ice during the 15-month conspiracy and that he fairly received a base offense level of 36.  Id.

3.  The district court did not clearly err in finding that Defendant knew that the conspiracy involved imported methamphetamine, because Defendant's counsel conceded the matter at sentencing.  See United States v. Bernardo, 818 F.3d 983,

3

985 (9th Cir. 2016) (holding that we review for clear error the district court's factual findings at sentencing).

4. The district court properly grouped Counts 1 and 46 when calculating the total offense level, because possession of a firearm can increase the term of imprisonment in drug cases. See U.S. Sent'g Guidelines Manual § 3D1.2(c) (providing that a sentencing court shall group two offenses when "one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts"); id. § 2D1.1(b)(1) (providing for a two-level increase when a defendant possesses a firearm in a drug case). Thus, because the district court acted properly, the "longstanding intracircuit conflict" as to whether we review "application of the [G]uidelines to the facts de novo or for abuse of discretion," Bernardo, 818 F.3d at 985, is of no consequence.

**AFFIRMED.**