NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50220 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00569-DSF-1 |
| v. | |
| BYRON DREDD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted October 14, 2020
Pasadena, California

Before: GOULD and LEE, Circuit Judges, and KORMAN,[**] District Judge.

Defendant-Appellant Byron Dredd is a former deputy with the Los Angeles

Sheriff's Department ("LASD"). In 2019, Dredd was convicted following a jury

trial for making false statements to the FBI in violation of 18 U.S.C. § 1001.

The conviction stemmed from a 2011 incident Dredd observed involving

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

several other LASD deputies who assaulted a visitor to the jail, Gabriel Carrillo, and brought false charges against him. Dredd wrote an incident report stating that Carrillo had only been handcuffed on one hand, used the cuffs as a weapon, punched another deputy in the chest, and tried to escape the breakroom. In August 2011, Carrillo filed a claim with the Sheriff's Department, and the FBI began investigating his account of the incident. The FBI interviewed Dredd on July 17, 2012, during which Dredd repeated his account—that Carrillo was the aggressor— in more detail. In 2019, a jury found Dredd guilty of making false statements in the 2012 FBI interview. As reflected in the verdict form, the jury found that all three of Dredd's statements about the Carrillo incident charged in the indictment were materially false.

On appeal, Dredd argues that the district court erred by admitting or excluding specific evidence, which he claims violated his constitutional right to present a defense. Dredd also argues that the government constructively amended the indictment and that his 12-month sentence was not procedurally and substantively reasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review Dredd's evidentiary claims for abuse of discretion. *United States v. Thornhill*, 940 F.3d 1114, 1117 (9th Cir. 2019). We will find an abuse of discretion "only when [left with] a definite and firm conviction that the district

2

court committed a clear error of judgment." *Id.*

First, Dredd argues that the district court erred by limiting Dredd's testimony about the substance of his many communications with Sergeant Gonzalez after the government introduced evidence of the number of contacts between them. We disagree. The district court permitted Dredd to testify to whether the conversations with Gonzalez were about the 2011 Carrillo incident, and any marginal relevance of the specific content of the communications was substantially outweighed by unfair prejudice under Federal Rule of Evidence 403. *See United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991). Second, the district could did not abuse its discretion by excluding evidence of Dredd's prior acquittals on different counts. The exclusion is justified by our decision in *Nordgren v. United States*, 181 F.2d 718, 721 (9th Cir. 1950), which has not been explicitly or impliedly overruled and is consistent with our sister circuits. *See, e.g., Jacobson v. Mott*, 623 F.3d 537, 542 (8th Cir. 2010).

Dredd's other evidentiary claims, including his constitutional claim, are unavailing. The five-year phone records were admissible to prove Dredd had a motive to lie to protect Gonzalez, and trial courts have "wide discretion" to admit even "highly prejudicial" motive evidence. *United States v. Parker*, 549 F.2d 1217, 1222 (9th Cir. 1977). The trial court likewise has latitude to exclude cumulative character witnesses. *United States v. Scholl*, 166 F.3d 964, 972 (9th

3

Cir. 1999). The other deputies' incident reports were admissible as evidence that Dredd was a knowing participant in the cover-up because the lies Dredd told to the FBI matched the lies in his colleagues' reports. The sentences of those deputies were properly excluded because providing jurors sentencing information of any kind may "invite[] them to ponder matters that are not within their province, distract[] them from their fact-finding responsibilities, and create[] a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994). Because Dredd has not shown that the district court erroneously excluded evidence, he cannot establish a constitutional violation. *See United States v. Waters*, 627 F.3d 345, 354 (9th Cir. 2010).

Dredd next claims that the government constructively amended the indictment. We review constructive amendment claims *de novo*. *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017). "A constructive amendment 'occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them.'" *United States v. Soto-Barraza*, 947 F.3d 1111, 1118 (9th Cir. 2020) (citation omitted). Dredd's claim fails as a threshold matter because he compares the indictment to the government's arguments *pre-trial*, rather than the evidence introduced *at trial*. *See id.* at 1119. Even with the right comparison, the evidence presented, jury instructions, and verdict form were all consistent with the count

4

charged. *See id.* at 1118.

Finally, Dredd argues that the district court's 12-month sentence was not procedurally and substantively reasonable because the court engaged in double-counting. We review the district court's application of the Sentencing Guidelines for abuse of discretion, and the ultimate sentence for reasonableness. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006). The district court did not engage in impermissible double-counting by merely assessing the nature and circumstances of the offense with reference to Dredd's lies at trial. A district court is "*not* prohibited from considering the extent to which the Guidelines did not sufficiently account for the nature and circumstances of [the defendant's] offense . . . even though the Guidelines account for these factors either implicitly or explicitly, to some extent." *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013) (emphasis in original).

**AFFIRMED.**[1]

---

[1] Before this case was submitted, Appellant filed two motions: a motion to strike a photograph from Appellees' answering brief and a motion to transmit physical exhibits. The motion to strike is **DENIED.** The motion to transmit physical exhibits is **DENIED** because reviewing the exhibits is not necessary to resolve the appeal under Circuit Rule 27-14.