**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10247 |
| *Plaintiff-Appellee*, | D.C. No. 3:19-cr-00073-VC-7 |
| v. | |
| LEMACK BELLOT, AKA Lee, | OPINION |
| *Defendant-Appellant*. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted January 11, 2024[*]
San Francisco, California

Filed August 21, 2024

Before: Eugene E. Siler,[**] Richard R. Clifton, and Milan
D. Smith, Jr., Circuit Judges.

Opinion by Judge Clifton

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the Sixth Circuit, sitting by designation.

# SUMMARY[***]

## Criminal Law

The panel affirmed Lemack Bellot's conviction on two counts of attempting to aid and abet possession with the intent to distribute cocaine.

Bellot argued that the indictment was constructively amended because the government initially proposed jury instructions consistent with the theory that Bellot *aided and abetted an attempt* by the confidential source (CS) to possess with intent to distribute cocaine, but that after intervention by the court, the jury was instructed consistent with the theory that Bellot *attempted to aid and abet* the possession of cocaine with intent to distribute. Bellot maintained this change deprived him of notice of the charges against him. The panel explained that whether characterized as *aiding and abetting an attempt* to possess cocaine or an *attempt to aid and abet* the possession of cocaine, the crime ultimately charged is the same. In either scenario, the charge was—and Bellot was in fact charged with—"knowingly attempt[ing] to possess with the intent to distribute" cocaine. And although the government was not required to specify its theory of the case in the indictment, the undisputed facts supported only one theory. Bellot, thus, had sufficient notice of the charges against him.

Bellot further argued that certain statements made by the government in closing substantially altered its theory of the case so as to amount to a constructive amendment of the

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

indictment.  He asserted that in its opening, the government stated that Bellot was charged with attempting to get cocaine through the airport, yet in closing, the government stated that it "doesn't matter whether . . . the defendant wanted the CS to be arrested at the airport . . . He was helping the CS to get . . . cocaine into the airport."  The panel did not discern a constructive amendment here, either.  The government was correct in stating that Bellot's subjective intentions concerning the fate of the CS were irrelevant; all that mattered was that Bellot attempted to aid and abet the possession of cocaine by someone who Bellot reasonably believed had the intent to distribute it.  Moreover, the government correctly stated the law when it informed the jury that it did not matter whether the drugs went *into* the airport or *through* the airport.  Bellot was charged—as a principal—with an *attempt* to possess with the intent to distribute various amounts of cocaine.  Attempt is an inchoate crime that does not require completion of the criminal objective.  Accordingly, the jury did not need to find that the cocaine was successfully smuggled *through* the airport to convict Bellot of the charged offense.  The government's accurate statements of law in closing neither changed its theory of the case nor constructively amended the indictment.

The panel deemed unpersuasive any argument that the trial jury convicted based on behavior different from that alleged in the indictment and presented to the grand jury.

## COUNSEL

Molly Smolen (argued) and Daniel M. Pastor; Assistant United States Attorneys; Matthew M. Yelovich, Chief, Appellate Section, Criminal Division; Ismail J. Ramsey, United States Attorney; United States Department of Justice, Office of the United States Attorney, San Francisco, California; for Plaintiff-Appellee.

Dena M. Young (argued), Law Offices of Dena Marie Young, Santa Rosa, California, for Plaintiff-Appellant.

## OPINION

CLIFTON, Circuit Judge:

A jury convicted Defendant-Appellant Lemack Bellot on two counts of attempting to aid and abet possession with the intent to distribute cocaine. After the verdict, Bellot moved for a new trial on the grounds that the jury instructions and proof adduced at trial constructively amended the indictment such that he was convicted of a crime different than the one for which he was indicted. The trial court denied the motion and Bellot timely appealed. We affirm.

## I.  Background[1]

In early 2018, the Drug Enforcement Administration ("DEA") began an investigation into drug smuggling at San Francisco International Airport ("SFO"). Through this

---

[1] Because a jury convicted Bellot, we state the record in the light most favorable to the government. *See United States v. Iverson*, 162 F.3d 1015, 1018 (9th Cir. 1998).

investigation, the DEA received a tip that Bellot was involved in drug smuggling at SFO. The DEA decided to investigate Bellot further.

The resulting investigation—which spanned from approximately March 2018 to March 2019—involved the use of a confidential source ("CS"). The CS initiated contact with Bellot at the bar that Bellot owned. While posing as a club promoter, the CS asked Bellot coded questions suggesting that he was looking for a way to smuggle cocaine from the Bay Area to Atlanta, Georgia. Bellot's responses indicated that he had previously smuggled drugs—including marijuana, cocaine, and heroin—through the airport and that he had airport contacts who could get drugs through security.

In a series of recorded meetings and phone calls between March and May 2018, Bellot and the CS agreed upon a plan to smuggle 1 kilogram of cocaine through SFO. DEA agents gave the CS a parcel of fake cocaine containing a tracking device. On May 30, 2018, Bellot and the CS met in a parking lot near SFO. Bellot: (1) advised the CS how to package and position the cocaine in his carry-on so that it would be more likely to pass through security; (2) introduced an associate who would go through security with the CS and who reportedly had an inside contact at the airport to help them; and (3) later that day, drove the CS and the associate to SFO. The CS paid Bellot a fee of $3,500 and ultimately smuggled the parcel of fake cocaine through SFO security.

Following this initial operation, in July 2018, Bellot and the CS began coordinating a plan to smuggle 5 kilograms of cocaine through SFO. On November 28, 2018, following instructions contemporaneously given by Bellot via phone, the CS checked a bag at SFO containing 5 kilograms of fake

cocaine. The CS paid Bellot a fee of $8,500 and called Bellot to confirm once he had successfully checked the bag.

Thereafter, the government charged Bellot under an aiding and abetting theory of: (1) "knowingly attempt[ing] to possess with the intent to distribute" 500 grams or more of cocaine on or about May 30, 2018; and (2) "knowingly attempt[ing] to possess with the intent to distribute" 5 kilograms or more of cocaine on or about November 28, 2018. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(B)(ii)(II); 18 U.S.C. § 2. The government presented its case against Bellot over the course of a four-day jury trial. At the close of trial, the court substantively instructed the jury on "attempted aiding and abetting the possession of cocaine." The jury convicted Bellot on both counts of the indictment.

Following the jury's verdict, Bellot moved for a new trial on the grounds that the charge to the jury and the proof adduced at trial constructively amended the indictment. The district court denied the motion and this appeal timely followed.

## II. Discussion

We review for abuse of discretion the denial of a motion for a new trial, *United States v. Chhun*, 744 F.3d 1110, 1117 (9th Cir. 2014), and we review *de novo* "an argument that the indictment was constructively amended," *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 984 (9th Cir. 2020). There are two ways an indictment can be constructively amended: first, by "substantially altering" the crime charged in the indictment to the point that it becomes "impossible to know whether" the grand jury would have indicted for the new crime; and second, by the government presenting a "distinctly different" set of facts at trial than those alleged in

the indictment. *United States v. Singh*, 995 F.3d 1069, 1078–79 (9th Cir. 2021) (quoting *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017)).

On appeal, Bellot maintains that the final jury instructions and the government's theory of the case changed over the course of the trial so as to amount to a constructive amendment of the indictment. Because our *de novo* review reveals no constructive amendment, we conclude the district court did not abuse its discretion in denying Bellot's motion for a new trial.

### A. Jury Instructions

Bellot argues that the indictment was constructively amended because the government initially proposed jury instructions consistent with the theory that Bellot *aided and abetted an attempt* by the CS to possess with intent to distribute cocaine, but that after intervention by the court, the jury was instructed consistent with the theory that Bellot *attempted to aid and abet* the possession of cocaine with intent to distribute. Bellot maintains this change deprived him of notice of the charges against him. We disagree.

The indictment charged Bellot under an aiding and abetting theory of: (1) "knowingly attempt[ing] to possess with the intent to distribute" 500 grams or more of cocaine on or about May 30, 2018; and (2) "knowingly attempt[ing] to possess with the intent to distribute" 5 kilograms or more of cocaine on or about November 28, 2018.[2] *See* 21 U.S.C.

---

[2] Section 841(b)(1)(B)(ii)(II) imposes a mandatory minimum penalty of five years imprisonment for anyone who, *inter alia*, possesses with intent to distribute 500 grams or more of cocaine, and § 841(b)(1)(A)(ii)(II) imposes a mandatory minimum penalty of ten years imprisonment for

§§ 846, 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(B)(ii)(II); 18 U.S.C. § 2. These charges involve three parts. First, under 21 U.S.C. § 841, it is unlawful for any person to, among other things, knowingly or intentionally possess with intent to distribute a controlled substance, including cocaine. Second, under 21 U.S.C. § 846, it is a crime to attempt to commit any substantive offense set forth in the Controlled Substances Act, including those enumerated in § 841. An "attempt" is an "inchoate crime[]" that "does not require completion of the crime" to be illegal. *United States v. Iribe*, 564 F.3d 1155, 1160–61 (9th Cir. 2009). Third, 18 U.S.C. § 2 establishes that anyone who aids and abets the commission of an offense against the United States is punishable as a principal. "Aiding and abetting is not a separate and distinct offense from the underlying substantive crime, but is a different theory of liability for the same offense." *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005).

Thus, in light of the above, the indictment gave Bellot notice that the government was charging him with the substantive offense of "knowingly attempt[ing] to possess with the intent to distribute" various amounts of cocaine on an aiding and abetting theory of liability.

As the trial judge noted during the charge conference, and as other circuits have articulated, there are two paths to conviction on this substantive offense under an aiding and abetting theory. *See, e.g.*, *United States v. Washington*, 106

---

anyone who, *inter alia*, possesses with intent to distribute 5 kilograms or more of cocaine. The first count against Bellot in the indictment charged him under § 841(b)(1)(B)(ii)(II), and the second count against Bellot charged him under § 841(b)(1)(A)(ii)(II). Accordingly, the two charges against Bellot differed only in the amount of cocaine at issue, the dates of the alleged acts, and the minimum penalties available.

F.3d 983, 1004–05 (D.C. Cir. 1997). The first path alleges that a defendant *aided and abetted an attempt* to possess cocaine. Under such a path, a defendant lends support to a principal who actually attempted to commit the possession crime but failed. The second path alleges that a defendant *attempted to aid and abet* the possession of cocaine. Under this path, the principal only pretends to commit the possession crime, but the defendant attempts to support the principal by "engag[ing] in conduct that would have established his complicity had the crime been committed." *Id.* at 1005 (alteration in original). The only difference between these two paths is that *aiding and abetting an attempt* requires a "guilty principal," while *attempting to aid and abet* does not. *Id*. at 1004. "But in either case, paradoxically, the crime ultimately charged is the same": the aider and abettor is charged with an attempt to possess with the intent to distribute cocaine. *Id.* at 1004–05.

The government did not specify in the indictment which of the two aiding and abetting theories it was pursuing, but it was not required to do so. *See United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993) ("An indictment . . . need not specify the theories or evidence upon which the government will rely . . ."); *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982) (same). Nevertheless, Bellot's case indisputably lacked a "guilty principal" because it involved an undercover government agent who did not intend to commit a crime and never possessed real cocaine. The government, accordingly, could only proceed under the

theory that Bellot *attempted to aid and abet* possession with intent to distribute cocaine.[3]

While it is true that the parties mischaracterized the theory as "aiding and abetting the attempted possession" of cocaine in pre-trial preparations, this does not mean "the crime charged in the indictment was substantially altered at trial." *Singh*, 995 F.3d at 1078–79 (quoting *Davis*, 854 F.3d at 603). As explained above, whether characterized as *aiding and abetting an attempt* to possess cocaine or an *attempt to aid and abet* the possession of cocaine, "the crime ultimately charged is the same." *Washington*, 106 F.3d at 1004. In either scenario, the charge was—and Bellot was in fact charged with—"knowingly attempt[ing] to possess with the intent to distribute" cocaine. And although the government was not required to specify its theory of the case in the indictment, *see Buckley*, 689 F.2d at 897, the undisputed facts supported only one theory. Bellot, thus, had sufficient notice of the charges against him.

### B.  The Government's Theory

Bellot further argues that certain statements made by the government in closing substantially altered its theory of the case so as to amount to a constructive amendment of the indictment. Specifically, he asserts that in its opening, the government stated that Bellot was charged with attempting to get cocaine through the airport, yet in closing, the government stated that it "doesn't matter whether . . . the defendant wanted the CS to be arrested at the airport . . . He

---

[3] Bellot has not argued—nor could he—that in preparing for trial he was unaware of the absence of a guilty principal, or that his theory of defense was adversely affected by that fact.

was helping the CS to get . . . cocaine into the airport." We do not discern a constructive amendment here, either.

Bellot's core defense was that he never intended for the drug smuggling operation to succeed, but rather that he was setting a trap for the CS with the hopes that the CS would get arrested at the airport and stop bothering him. The government responded by emphasizing in closing that what mattered was only that Bellot intentionally attempted to aid and abet someone else to possess cocaine who Bellot reasonably believed intended to distribute it. This was an accurate statement of the law.

While Bellot is correct that to aid and abet an offense requires an "intent to facilitate the crime," the Supreme Court has declared this intent requirement "satisfied when a person actively participates in a criminal venture with full knowledge of the circumstances constituting the charged offense." *Rosemond v. United States*, 572 U.S. 65, 71, 77 (2014). The Court has, in fact, rejected the suggestion that a participant must "affirmatively desire" the commission of an offense by his confederates to intend it, *id.* at 79, and has instead held that "a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission," *id.* at 77. Given this guidance, the government was correct in stating here that Bellot's subjective intentions concerning the fate of the CS were irrelevant; all that mattered was that Bellot attempted to aid and abet the possession of cocaine by someone who Bellot reasonably believed had the intent to distribute it.

Moreover, the government correctly stated the law when it informed the jury that it did not matter whether the drugs went *into* the airport or *through* the airport. Bellot was charged—as a principal—with an *attempt* to possess with the

intent to distribute various amounts of cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(B)(ii)(II). As noted above, attempt is an "inchoate crime[]" that does "not require completion of the criminal objective." *Iribe*, 564 F.3d at 1160. Accordingly, the jury did not need to find that the cocaine was successfully smuggled *through* the airport to convict Bellot of the charged offense. *See United States v. Soto-Barraza*, 947 F.3d 1111, 1120 (9th Cir. 2020) (articulating the required elements for an attempt conviction).

In short, the government's accurate statements of the law in closing neither changed its theory of the case nor constructively amended the indictment.

## C. Remaining Arguments

Bellot objects in his Reply Brief to the government's assertion that "the grand jury was presented with the same behavior which was presented to the trial jury." Any argument that the trial jury convicted based on behavior different than that alleged in the original indictment fails to persuade.

The "behavior" charged in the indictment is an attempt to aid and abet possession with the intent to distribute: (1) 500 grams or more of cocaine on or about May 30, 2018; and (2) 5 kilograms or more of cocaine on or about November 28, 2018. Bellot identifies certain testimony that was presented to the grand jury that was not presented at trial, but he does not explain how these "omissions" allowed the trial jury to convict based on behavior other than an attempt to aid and abet possession with the intent to distribute: (1) 500 grams or more of cocaine on or about May 30, 2018; and (2) 5 kilograms or more of cocaine on or about November 28, 2018. We discern no constructive amendment

on these grounds. To the extent Bellot intends with this argument to assert a variance or to challenge the sufficiency of the evidence underpinning the jury's verdict, such arguments are waived. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").[4]

## III. Conclusion

Because we conclude that there was not a constructive amendment of the indictment, we affirm.

**AFFIRMED.**

---

[4] Bellot also objects to the government's reliance on the Presentence Report "to round out its Statement of Facts" in the Answering Brief and asks this court not to consider these citations in resolving the issues on appeal. We have not.