NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-50036 |
| Plaintiff-Appellee, | D.C. Nos. 3:20-cr-01700-TWR-1 |
| v. | 3:20-cr-01700-TWR |
| MICHAEL LADRE DUNBAR, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted April 10, 2025
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and SIMON,[**] District Judge.

Defendant-Appellant Michael Dunbar appeals his conviction and 235-month

prison sentence for (1) sex trafficking a child in violation of 18 U.S.C. § 1591(a),

and (2) transporting a minor in violation of 18 U.S.C. § 2423(a). We have

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

1. Dunbar argues that the district court constructively amended the indictment in his case by giving a jury instruction that "[i]f the government proves beyond a reasonable doubt that [Dunbar] had a reasonable opportunity to observe [the victim], the government need not prove that [Dunbar] knew or recklessly disregarded the fact that [the victim] was under the age of 18." As an initial matter, we note that this instruction is legally correct. 18 U.S.C. § 1591(c); *accord United States v. Davis*, 854 F.3d 601, 604 n.2 (9th Cir. 2017). Reviewing Dunbar's argument de novo,[1] *United States v. Ward*, 747 F.3d 1184, 1188 (9th Cir. 2014), we hold that there was no constructive amendment.

Dunbar's argument draws on our decision in *Davis*, but that case is easily distinguished. In *Davis*, we held that an indictment that contained no mention of the government's ability to prove its case by showing that a defendant had a reasonable opportunity to observe a victim was constructively amended when the jury was instructed that the government could prove its case in that way. 854 F.3d at 604–05. Here, Dunbar's indictment contains language clearly based on § 1591(c); specifically, it charges him with "having had a reasonable opportunity to observe" the victim. Therefore, Dunbar had ample notice that the government

---

[1] The parties dispute whether Dunbar objected to the challenged jury instruction before the district court, and they therefore dispute the applicable standard of review. We agree with Dunbar that a fair reading of the transcript suggests that he did object before the district court, despite initially stating that he had no objection.

could prove its case under § 1591(c). *See United States v. Miller*, 471 U.S. 130, 135 (1985) (explaining that "'notice' related concerns" are "among the important concerns underlying the requirement that criminal charges be set out in an indictment"); *United States v. Mickey*, 897 F.3d 1173, 1177, 1183–84 (9th Cir. 2018) (holding that a defendant "had ample notice of the charges against him and the jury was properly instructed on the nature of those charges," and contrasting the case with *Davis*). Dunbar's grammatical argument that this clause is parenthetical and therefore removable from the indictment is foreclosed by our precedent. *See United States v. Bettencourt*, 614 F.2d 214, 219 (9th Cir. 1980) ("[A] jury may convict on a finding of any of the elements of a *disjunctively* defined offense, despite the grand jury's choice of *conjunctive* language in the indictment." (emphasis added)).

2.      Dunbar also argues that the district court erred by denying his motion in limine to present his lack of knowledge that his victim was under 18 years old as a defense to the second count of the indictment. The parties agree that we review this issue de novo. *Accord United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016).

A defendant's knowledge of the age of a transportation victim is irrelevant to determining guilt under 18 U.S.C. § 2423(a). *See United States v. Taylor*, 239 F.3d 994, 997 (9th Cir. 2001) ("Ignorance of the victim's age provides no safe

3

harbor from the penalties in 18 U.S.C. § 2423(a).").  Thus, Dunbar's argument that *Taylor* does not explicitly prohibit an affirmative defense of lack of knowledge that his victim is underage fails; if knowledge is not relevant to guilt, then lack of knowledge is not an affirmative defense.

Dunbar's argument that *Taylor* was supplanted by the addition of § 2423(g) (2022) is also unpersuasive.[2]  By its own language, the affirmative defense mentioned in § 2423(g) (2022) only applies to "a prosecution under this section based on *illicit sexual conduct* as defined in subsection (f)(2)."  § 2423(g) (2022) (emphasis added).  The phrase "illicit sexual conduct" is used in subsections (b), (c), and (d) of § 2423 (2022)—it is not used in subsection (a), which is the subsection under which Dunbar was convicted.  We presume that this omission reflects an intentional Congressional choice, *see Loughrin v. United States*, 573 U.S. 351, 358 (2014), and conclude that this affirmative defense is not applicable to subsection (a).

Dunbar's argument that *United States v. Lindsay*, 931 F.3d 852, 856 (9th Cir. 2019), holds that the affirmative defense contained in § 2423(g) (2022) applies to all subsections of § 2423 also fails.  In *Lindsay*, we held that an affirmative defense established by 18 U.S.C. § 2243(c)(1) "likely does not apply" to

---

[2] The current version of 18 U.S.C. § 2423 moves the affirmative defense discussed here to subsection (i).

prosecutions brought under § 2423. *Id.* at 865. Specifically, we reasoned that "the section 2243(c)(1) defense likely applies to section 2243(a) prosecutions, and the section 2423(g) defense likely applies to section 2423 prosecutions, but the section 2243(c)(1) defense likely does not apply [to] section 2423 prosecutions." *Id.* Dunbar latches on to the language that "the section 2423(g) defense likely applies to section 2423 prosecutions," but that language was plainly intended to draw a distinction between § 2423 and § 2243, not to suggest as a matter of statutory interpretation that § 2423(g) (2022) applies to each subsection of § 2423.

3.      Next, Dunbar argues that the district court committed procedural error by improperly applying the undue influence enhancement under the Sentencing Guidelines. The Sentencing Guidelines "provide[] for a two-level upward adjustment if a participant 'unduly influenced a minor to engage in prohibited sexual conduct.'" *United States v. Smith*, 719 F.3d 1120, 1123 (9th Cir. 2013) (quoting U.S.S.G. § 2G1.3(b)(2)(B)). "[A]s a general rule, a district court's application of the Sentencing Guidelines to the facts of a given case should be reviewed for abuse of discretion." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

Here, the district court did not abuse its discretion by applying a rebuttable presumption that Dunbar unduly influenced the victim because he is more than ten years older than her. U.S.S.G. § 2G1.3(b)(2)(B) cmt. 3(B). There is no legal basis

for Dunbar's argument that this presumption was rebutted because he believed the victim was 21 years old. Moreover, Dunbar has not identified any abuse of discretion in the district court's conclusion that he unduly influenced the victim by purchasing drugs and alcohol for her and by recruiting her into prostitution.

4. Finally, Dunbar argues that the district court's assessment of the 18 U.S.C. § 3553(a) factors relied on an "inaccurate assumption" that Dunbar was aware the victim was a child. But the district court did not assume that Dunbar knew that the victim was a minor. Rather, it found as a matter of fact that the victim was "a 17-year-old child." This finding was not clearly erroneous. *See United States v. Reyes*, 772 F.3d 1152, 1157 (9th Cir. 2014).

**AFFIRMED.**[3]

---

[3] Dunbar's motion for an extension of time to file his reply brief is granted. Dkts. 66, 71. But we have repeatedly denied Dunbar's motions to proceed pro se in this case. *See* Dkts. 32, 47. Accordingly, we decline to entertain any of Dunbar's pro se motions or requests. *See, e.g.*, Dkt. 52.